IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|         Respondent, | ) | |
| v. | ) | 7:00-CR-012-R |
| | ) | |
| JOE GUERRERO, | ) | (Civil No. 7:03-CV-137-R) |
|         Movant. | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is a motion to vacate, set aside or correct the sentence filed pursuant to 28 U.S.C. § 2255. Guerrero was charged with drug related offenses in one count of the two-count indictment filed in this case. In Count 1, Guerrero was charged with conspiracy to distribute and to possess with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. He entered a plea of guilty and was thereafter found guilty. Guerrero was sentenced to 87 months confinement to be followed by a five-year term of supervised release. He did not file a direct appeal.

In support of the instant motion, Guerrero presents the following grounds for relief:

1. Ineffective assistance of counsel for failure to seek a sentence reduction based upon Guerrero's role as a minor or minimal participant in the offense;

2. Ineffective assistance of counsel for failure to explain the consequences of the guilty plea;

3. Ineffective assistance of counsel for failure to object to an unlawful sentence enhancement, and;

4. Ineffective assistance of counsel for failure to file a timely notice of appeal.

*Motion to Vacate ¶¶ 12.A-D.*  Respondent argues that Guerrero's grounds for relief are without merit.

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of a federal court may file a motion to vacate, set aside or correct the sentence in the court which imposed the sentence. The statute states four grounds upon which such relief may be claimed:

1. that the sentence was imposed in violation of the Constitution or laws of the United States;

2. that the court was without jurisdiction to impose such sentence;

3. that the sentence was in excess of the maximum authorized by law, and;

4. that the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470 (1962).  Section 2255 does not mandate habeas relief to all who suffer trial errors. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It is limited to grounds of constitutional or jurisdictional magnitude, *Limon-Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974), and for the narrow spectrum of other injury which "could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *Capua*, 656 F.2d at 1037.

When, as in the case at bar, a criminal defendant pleads guilty, he has entered more than a mere confession; a guilty plea is an admission that the defendant committed the charged offense. *North Carolina v. Alford*, 400 U.S. 25, 32, 91 S.Ct. 160, 164 (1970); *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678 (1992).  Once a criminal defendant has entered a plea of guilty, all nonjurisdictional defects in the proceedings are waived except claims of ineffective assistance of counsel relating to the voluntariness of the guilty plea.

*E.g., Mabry v. Johnson*, 467 U.S. 504, 508-09, 104 S.Ct. 2543, 2546-47 (1984); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1685 (1984); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982).

A criminal defendant can waive his right to seek post-conviction relief as part of a plea agreement. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The waiver must have been informed and voluntary which requires that the defendant knew that he had a right to seek post-conviction relief and that he was giving up that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir.), *cert. denied*, 513 U.S. 893, 115 S.Ct. 244 (1994). Where the record clearly reveals that a defendant understood the terms of his plea agreement and that he raised no question regarding the waiver of post-conviction relief, the defendant is bound by the terms of the agreement. *Wilkes*, 20 F.3d at 653; *Portillo*, 18 F.3d at 293.

> The waiver set forth in Guerrero's plea agreement states:
>
> The defendant hereby expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.
>
> However, the defendant reserves the right to appeal the following: a) any punishment imposed in excess of a statutory maximum, b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court and c) arithmetic errors in the guidelines calculations; and d) a claim of ineffective assistance of counsel.

*Plea Agreement at p.4.* Because Guerrero reserved the right to bring a claim of ineffective assistance of counsel, the Court will review his four grounds for relief on the merits.

Guerrero first claims that he was the least culpable person involved in the conspiracy to distribute drugs because he "only rented a U-Haul for a couple of hundred dollars and was the lowest

person on the totem pole." *Motion to Vacate ¶ 20.A*.  He argues that counsel was ineffective for failing to argue for a downward departure in sentencing which was warranted and had merit because of Guerrero's role as a minor participant. *Id.*

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).  When a convicted defendant seeks relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694, 104 S.Ct. at 2064-66 & 2068.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

To satisfy the prejudice prong of the *Strickland* test in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986).  It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel.  He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. at 59-61, 106 S.Ct. at 371; *Bridge v. Lynaugh*, 838 F.2d at 773.  A court reviewing an ineffectiveness

claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990), *cert. denied*, 498 U.S. 1033, 111 S.Ct. 694 (1991).

The record in this case reflects that counsel for Guerrero filed three objections to the Presentence Report wherein he challenged the government's assertion that Guerrero was involved in possessing, packing, loading and transporting marijuana. *Appendix to Response in Opposition to Petition under 28 U.S.C. § 2255 at pp. 54-60.* During the sentencing phase of trial, counsel examined three witnesses in an attempt to establish Guerrero's role as a minor participant in the offense alleged. *Id.* at pp. 86-112. Finally, counsel argued to the court that the testimony was elicited to demonstrate Guerrrero's role as a minor participant in order for the court to take this fact into consideration in sentencing. *Id.* at pp. 112-114. The fact that the court refused to do so does not render counsel's performance ineffective. Clearly, counsel sought to minimize Guerrero's sentence by putting on testimony and arguing that his client was a minor participant. Counsel may not be deemed ineffective simply because the court disagreed with his arguments. Counsel's performance in this regard was not objectively unreasonable.

Next, Guerrero claims that counsel was ineffective because he failed to fully explain the consequences of the guilty plea. *Motion to Vacate ¶ 12.B.* Specifically, Guerrero alleges that counsel failed to inform him that statements in the factual resume could be circumvented and that counsel failed to apprise him of the law relating to relevant conduct. *Id.* He states that these deficiencies on the part of counsel affected his decision to plead guilty. *Id.*

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id*. When a § 2255 movant's factual allegations are refuted by his own testimony given under oath during his plea proceeding, he is not entitled to be heard on the new factual allegations absent corroborating evidence such as the affidavit of a reliable third person. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979). "This result is necessitated by the interest of finality in the criminal process." *Sanderson*, 595 F.2d at 1022. Guerrero's allegations that counsel failed to explain "relevant conduct" and failed to inform him that the factual resume could be circumvented are without merit. Guerrero has provided no evidence to corroborate his claims which, in the face of the record, are wholly incredible.

Guerrero testified that he understood the court was not bound by any stipulated facts and that the court could impose a sentence without regard to any stipulated facts. *Appendix to Response in Opposition to Petition under 28 U.S.C. § 2255 at p. 76.* He testified that he understood he was facing a maximum sentence of forty years and that he still wanted to plead guilty. *Id.* at pp. 76-77. Clearly, Guerrero understood the consequences of his plea. He is, therefore, not entitled to relief on this ground.

In his third ground for relief, Guerrero claims that counsel was ineffective for permitting an unlawful sentence enhancement. *Motion to Vacate ¶ 12.C.* He states that counsel allowed his sentence to be enhanced by failing to hold the government to its burden of proof. *Id.* Guerrero argues, without further corroboration, that the probation officer merely interviewed the case agent

and accepted his version of the facts as true for purposes of the Presentence Report which resulted in an enhancement in Guerrero's sentencing guideline range. *Id.*

This ground for relief is without merit. Guerrero's attorney filed three objections to the Presentence Report demanding that the government meet its burden of proof on allegations regarding Guerrero's involvement in the conspiracy. *Appendix to Response in Opposition to Petition under 28 U.S.C. § 2255 at pp. 54-60.* Counsel cross-examined the case agent with regard to his lack of personal knowledge as to Guerrero's involvement in the offense and he produced witnesses in an attempt to refute the government's allegations. *Id.* at pp. 86-112. Thus, it is readily apparent that counsel made an effort to minimize Guerrero's sentence.

Moreover, the record reflects that Guerrero's sentence was not enhanced. His base level offense was 32. *Id.* at p. 41 ¶ 32. He received a three point reduction for acceptance of responsibility and the court sentenced him at the bottom of the guideline range. *Id.* at p. 42 ¶ 37 & p. 114.

In his final ground for relief, Guerrero claims that counsel was ineffective for failing to file a timely notice of appeal. *Motion to Vacate ¶ 12.D.* He asks that his appellate rights be restored. *Id.* In his plea agreement, Guerrero waived his right to appeal his conviction and sentence except with regard to any punishment imposed in excess of a statutory maximum, any punishment to the extent it constituted an upward departure from the guideline range deemed most applicable by the sentencing court, arithmetic errors in the guidelines calculations, and a claim of ineffective assistance of counsel. *Plea Agreement p. 4.* Guerrero's sentence did not exceed the statutory maximum, there was no upward departure and he makes no claim of an arithmetic error in calculating the guideline range. His claims of ineffective assistance of counsel have been addressed

by this court and he may appeal this court's decision. Therefore, pursuant to the waiver of his right to appeal, Guerrero has no basis for a direct appeal. Additionally, as pointed out by Respondent, Guerrero makes no claim that he ever asked his attorney to file a direct appeal and his attorney's affidavit reflects that counsel was never asked to file an appeal. *Appendix to Response in Opposition to Petition under 28 U.S.C. § 2255 at pp. 3-4 & 21.*

IT IS THEREFORE ORDERED that the § 2255 motion is hereby DENIED.

SO ORDERED this 6th day of April, 2006.

*/s/ Jerry Buchmeyer*
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE